UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERWINE'S HOME HEALTH CARE, INC.<br>270 Pierce Street, Suite 208<br>Kingston, Pennsylvania 18704<br><br>COLORADO HOME CARE, INC.<br>700 Ken Pratt Boulevard<br>Longmont, Colorado  80501, and<br><br>POTOMAC HOME HEALTH CARE, INC.<br>6001 Montrose Road, Suite 307<br>Rockville, Maryland  20852,<br><br>           Plaintiffs,<br><br>      v.<br><br>MICHAEL O. LEAVITT,<br>Secretary of Health and<br>Human Services,<br>200 Independence Avenue, S.W.<br>Washington, D.C. 20201,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 05-2441 (ESH)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT'S  ANSWER TO COMPLAINT
AND AFFIRMATIVE DEFENSES**

Defendant Michael O. Leavitt, Secretary of Health and Human Services ("the Secretary"),

by the undersigned attorneys, answers Plaintiffs' Complaint as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

The Secretary's decision is supported by substantial evidence and not arbitrary, capricious or contrary to law and, therefore, should be affirmed on the administrative record filed with the Court.

**THIRD DEFENSE**

Answering specifically each paragraph of the Complaint, and using the same numbering contained in the Complaint, Defendant pleads as follows:

**I. INTRODUCTION [1]**

1.      The first sentence contains Plaintiffs' characterizations of this action, not allegations of fact, and therefore no response is required. As to sentence two, Defendant admits only that Plaintiffs were Medicare providers during the stated fiscal years. As to sentence three, Defendant admits only that "reasonable cost," as set forth in Title XVIII of the Social Security Act ("the Medicare Act"), its implementing regulations and interpretive rules, is one component used to determine Medicare reimbursement for home health agencies. Defendant respectfully refers the Court to the applicable statutes, regulations and interpretive rules for a complete and accurate statement of their contents. Defendant denies any other allegations of fact in paragraph one.

2.      Paragraph two contains Plaintiffs' characterizations of this action, to which no response is required.

---

[1] In this Answer, the Secretary uses Plaintiffs' headings, for the Court's convenience. However, the Secretary does not concede the accuracy or appropriateness of those headings.

      3.      Defendant admits that the parties agreed to hearings on the record before the Provider Reimbursement Review Board (PRRB) for the issue on appeal in the matter before the Court.

      4.      As to the first clause of sentence one, Defendant admits only that the quote contained in this clause contains an accurate excerpt from 42 U.S.C. § 1395oo(h), and refers the Court to the cited statutory provision for a full and accurate statement of its contents. Defendant also admits that reimbursement disputes are first heard by the Provider Reimbursement Review Board ("PRRB"), but are subject to further review by the CMS Administrator. As to the second clause of sentence one, and sentences two, three and four, Defendant admits the existence of the three cited PRRB decisions, to which the Court is referred for a full and accurate statement of their contents. See Certified Administrative Record ("A.R.") 31-34; 1117-1121; 3732-39. Sentences five and six contain Plaintiffs' conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, Defendant denies.

      5.      Admits the existence of the three cited final decisions of the Secretary, to which the Court is referred for a full statement of their contents. See A.R. 2-12; 1092-1102; 3703-13. The remainder of paragraph five contains Plaintiffs' characterizations of the Secretary's final decisions, to which no response is required. To the extent a response is deemed necessary, denies.

      6.      Denies sentence one. Sentence two contains Plaintiffs' characterization of the relief sought in this action to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiffs are entitled to the relief requested in the Complaint or to any relief whatsoever.

## II. JURISDICTION AND VENUE

7. This paragraph sets forth Plaintiffs' legal conclusions to which no response is required. Defendant admits that this action arises under Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395ggg (the Medicare Act). Defendant denies the remaining allegations of this paragraph.

8. Admits.

9. Admits.

## III. PARTIES

10. Admits, on information and belief.

11. Admits, on information and belief.

12. Admits, on information and belief.

13. Admits. By way of further answer, the Secretary has delegated much of the administration of the Medicare program to the Administrator for the Centers for Medicare & Medicaid Services. 42 Fed. Reg. 57,352 (November 2, 1977).

## IV. GENERAL STATUTORY AND REGULATORY BACKGROUND

A. <u>Medicare Reasonable Cost Reimbursement for PT Services</u>

14. This paragraph contains Plaintiffs' characterizations of sections 1395f(a)(2)(C) and 1395x(m) of the Medicare Act, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents.

15. This paragraph contains conclusions of law and Plaintiffs' characterizations of

sections 1395f(b)(1) and 1395l(a)(2)(A)(i) and (ii), not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provisions, to which the Court is referred for a full and accurate statement of their contents.

16.   Admits sentence one. Admits that the quote in sentence two from Pub. L. No. 89-97, § 102(a) (section 1861(v)(1)), *reprinted in* 1965 U.S.C.C.A.N. 305 is an accurate excerpt from the cited historical provision of the Social Security Act. The remainder of paragraph16 contains Plaintiffs' characterizations of section 1395x(v)(1)(A)(i) of the Medicare Act during the relevant period, and Senate Report No. 404, 89th Cong., 1st Sess. (1965), and not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provisions and Congressional history, to which the Court is referred for a full and accurate statement of their contents.

17.   Admits only that, in 1997, the regulation defining "reasonable cost" was codified at 42 C.F.R. § 413.9. The remainder of the paragraph 17 contains Plaintiffs' characterization of 31 Fed. Reg. 14,808 (Nov. 22, 1966), not allegations of fact, and thus no response is required. To the extent that a response is deemed necessary, denies, except to admit the existence of the cited provisions, to which the Court is referred for a full and accurate statement of their contents.

18.   Admits only that the quotation in sentence two is an accurate excerpt from the cited Federal Register notice, as well as the 1997 regulations, except that for the 1997 version, the words "costs which" at the beginning of the quoted language were amended to read "costs that." The remainder of paragraph 18 contains Plaintiffs' characterization of 31 Fed. Reg. 14,808, 14,817, 42 C.F.R. § 413.9(b)(2) (1997), and 42 C.F.R. § 413.5(a), not allegations of fact,

and thus no response is required. To the extent a response is deemed necessary, denies, except to admit the existence of the cited provisions, to which the Court is referred for a full and accurate statement of their contents. By way of further answer, the full text of the governing portions of the Medicare Act, regulations and interpretive rules are available for a complete description of applicable payment provisions.

19. Admits only that the quoted language is an accurate excerpt from 31 Fed. Reg. 14,817. The remainder of paragraph 19 contains Plaintiffs' characterization of the cited Federal Register provision, and of 42 C.F.R. § 413.9(c)(2)-(3) (1997), not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denies, except to admit the existence of the cited provisions, to which the Court is referred for a full and accurate statement of their contents. By way of further answer, the full text of the governing portions of the Medicare Act, regulations and interpretive rules are available for a complete description of applicable payment provisions.

20. Paragraph 20 contains a characterization of Provider Reimbursement Manual § 2102.1 (1969), not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denies, except to admit the existence of the cited manual provision, to which the Court is referred for a full and accurate statement of its contents.

21. Paragraph 21 contains Plaintiffs' characterization of the Provider Reimbursement Manual § 2102.1 (1971), not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denies, except to admit the existence of the cited manual provision, to which the Court is referred for a full and accurate statement of its contents.

22. Admits sentence one. The remainder of paragraph 22 is a characterization of the 1972 Social Security amendments, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denies, except to admit the existence of the cited amendments, to which the Court is referred for a full and accurate statement of their contents.

23. This paragraph contains Plaintiffs' characterizations of 42 U.S.C. § 1395x(v)(5)(A) and 42 C.F.R. § 413.106, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denies, except to admit the existence of the cited provisions, to which the Court is referred for a full and accurate statement of their contents.

24. Paragraph 24 contains conclusions of law and Plaintiffs' characterizations of 42 C.F.R. § 413.106, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denies, except to admit the existence of the cited regulation, to which the Court is referred for a full and accurate statement of its contents.

25. Paragraph 25 contains conclusions of law and Plaintiffs' characterizations of 40 Fed. Reg. 5,760 (Feb. 7, 1975) and 48 Fed. Reg. 44, 922 (Sept. 30, 1983), not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denies, except to admit the existence of the cited Federal Register notices, to which the Court is referred for a full and accurate statement of their contents.

26. Admits only that the language quoted in sentence one is an accurate excerpt from Transmittal No. 178. Denies sentence two. Admits that the Secretary's Provider Reimbursement Manual, containing interpretive rules, is published without notice and comment rulemaking. Denies that the interpretive rules contained in the Provider Reimbursement Manual require notice

and comment rulemaking.

27.     Sentence one contains characterizations of 42 C.F.R. § 413.106 and its regulatory history, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denies, except to admit the existence of the cited regulation and its regulatory history, to which the Court is referred for a full and accurate statement of their contents. As to sentence two, admits only that 42 C.F.R § 413.106 was amended in 1998. The remainder of sentence two is a characterization of the Secretary's legal position, not allegations of fact, to which no response is required. To the extent a response is deemed necessary, denies.

28.     Denies paragraph 28, except to state that, following the decision in <u>In Home Health, Inc. v. Shalala</u>, 188 F.3d 1043 (8th Cir. 1999), the salary equivalency guidelines are not applied within the Eighth Circuit in the particular circumstances described in that case.

29.     Paragraph 29 contains Plaintiffs' characterizations of and conclusions from 48 Fed. Reg. 44,922 (Sept. 30, 1983) and 63 Fed. Reg. 15,315 (Mar. 31, 1998), not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denies, except to admit the existence of the cited Federal Register notices, to which the Court is referred for a full and accurate statement of their contents.

30.     Paragraph 30 contains conclusions of law, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory and regulatory provisions, to which the Court is referred for a full and accurate statement of their contents. By way of further answer, the full text of the governing portions of the Medicare Act, regulations and interpretive rules are available for a complete description of applicable payment methods.

B.   Medicare Claims and Appeals

31.   Admits that providers ordinarily receive Medicare payments through insurance companies, called "fiscal intermediaries," which contract with the Secretary to determine the amounts due to providers. 42 U.S.C. § 1395h; 42 C.F.R. § 421.100(h). The Secretary refers the Court to these provisions for a full statement of their contents. To the extent Plaintiffs' characterizations are inconsistent with those provisions, denies.

32.   Admits only that the Medicare Act and implementing regulations contain different requirements governing: (a) the determination of whether an item or service is covered by Medicare; and (b) the total Medicare reimbursement due to a provider at the end of a given cost reporting period. As to the remainder of the allegations in paragraph 32, denies. By way of further answer, the full text of the governing portions of the Medicare Act, regulations and interpretive rules are available for a complete description of applicable processes under the Medicare program.

33.   Paragraph 33 contains Plaintiffs' characterizations of 42 C.F.R., Part 405, Subparts G and H, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denies, except to admit the existence of the cited regulatory provisions, to which the Court is referred for a full and accurate statement of their contents.

34.   Admits that Medicare regulations require fiscal intermediaries to audit provider cost reports, and furnish the provider with "a written notice reflecting the intermediary's determination of the total amount of reimbursement due the provider." (NPR) 42 C.F.R. § 405.1803(a). Denies that the NPR is, in all cases, the fiscal intermediary's final determination; to the contrary, NPR's are subject to reopening. 42 C.F.R. § 405.1885(a). The remainder of this

paragraph contains conclusions of law and Plaintiffs' characterizations of 42 U.S.C. §§ 1395h and 1395oo(a)(1)(A)(i); 42 C.F.R. §§ 405.1803(a)(1) and 413.20; not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory and regulatory provisions, to which the Court is referred for a full and accurate statement of their contents.

    35.    Paragraph 35 contains characterizations of 42 U.S.C. § 1395oo, not allegations of fact, and thus no response is required. To the extent a response is deemed necessary, denies, except to admit the existence of the cited statutory provision, to which the Court is referred for a full and accurate statement of its contents

### V. FACTS SPECIFIC TO THIS CASE

A.    <u>Plaintiff's Employment Relationships</u>

    36.    Denies. By way of further answer, the Secretary's final decisions make no explicit finding on this issue. <u>See</u> A.R. 6-7; 1096-97; 3707-08.

B.    <u>Disallowance of Plaintiffs' PT Costs</u>

    37.    Admits sentence one and admits the existence of referenced NPR, to which the Court is referred for a full and accurate statement of its contents. <u>See</u> A.R. 1043-45. For sentence two, admits the existence of the referenced audit adjustment reports, to which the Court is referred for a full and accurate statement of their contents. <u>See</u> A.R. 834-39. For sentence three, admits that only that the fiscal intermediary has estimated the reimbursement effect of the PT adjustment to be $10,700. <u>See</u> A.R. 825.

    38.    Admits sentence one, and admits the existence of the referenced NPR, to which the Court is referred for a full and accurate statement of its contents. <u>See</u> A.R. 574-75. For

sentence two, admits only the existence of the referenced audit adjustment reports, to which the Court is referred for a full and accurate statement of theirs contents.  See A.R. 599-602.  For sentence three, admits only that the parties below stipulated before the PRRB that the estimated reimbursement effect of the disallowance for PT costs was $7,198.  See A.R. 578-79.

       39.       Admits sentence one, and admits the existence of the referenced NPR, to which the Court is referred for a full and accurate statement of its contents.  See A.R. 2975-76.  For sentence two, admits only the existence of the referenced audit adjustment reports, to which the Court is referred for a full and accurate statement of theirs contents.  See A.R. 2971-73.  For sentence three, admits only that the parties below stipulated before the PRRB that the approximate reimbursement effect of the disallowance for PT costs was $10,346.  See A.R. 1229.

       40.       Admits that the Intermediary issued an NPR for FYE June 30, 1995, but states that the NPR was issued on September 29, 1997.  The Court is referred to the NPR for a full and accurate statement of its contents.  See A.R. 4623.  For sentence two, admits only the existence of the referenced audit adjustment reports, to which the Court is referred for a full and accurate statement of their contents.  See A.R. 5279-89.  Denies sentence three.  By way of further answer, Defendant states that the fiscal intermediary estimated that the approximate reimbursement effect of the disallowance for PT costs was $40,517.  See A.R. 7857.

       41.       Admits that the Intermediary issued an NPR for FYE June 30, 1996, but states that the NPR was issued on September 30, 1998.  The Court is referred to the NPR for a full and accurate statement of its contents.  See A.R. 4515.  For sentence two, admits only the existence of the referenced audit adjustment reports, to which the Court is referred for a full and accurate statement of theirs contents.  See A.R. 5291-5302.  Denies sentence three.  By way of further

answer, Defendant states that, upon reopening the cost report, the fiscal intermediary determined that the reimbursement effect of the disallowance for PT costs was $64,500.

  42. Admits sentence one.  As to sentence two, Defendant admits that the disallowance of Plaintiffs' claims for payment at issue in this case were not based on a determination that the services were medically unnecessary or otherwise not covered.  Denies remaining allegations in paragraph 42.

  43. Admits only that the disallowances resulted from the fiscal intermediary's proper application of the Guidelines.  Denies the remainder of paragraph 43.

C. Administrative Proceedings

  44. Admits sentence one.  Defendant admits the existence and date of the PRRB decision cited in sentence two, and refers the Court to the certified administrative record for a full and accurate statement of its contents.  See A.R. 31-34.  For sentence three, admits as to the date of the decision.  Denies the remainder of sentence three, as Defendant is without knowledge or information sufficient to form a belief as to the remainder of the allegations of this sentence.

  45. Admits sentence one.  Defendant admits the existence and date of the PRRB decision cited in sentence two, and refers the Court to the certified administrative record for a full and accurate statement of its contents.  See A.R. 1117-21.  For sentence three, admits as to the date of the decision.  Denies the remainder of sentence three, as Defendant is without knowledge or information sufficient to form a belief as to the remainder of the allegations of this sentence.

  46. Admits sentence one.  Defendant admits the existence and date of the PRRB decision cited in sentence two, and refers the Court to the certified administrative record for a full and accurate statement of its contents.  See A.R. 3732-39.  For sentence three, admits as to the

date of the decision. Denies the remainder of sentence three, as Defendant is without knowledge or information sufficient to form a belief as to the remainder of the allegations of this sentence.

47.     Admits the existence of the three cited PRRB decisions, and refers the Court to these decisions for a full and accurate statement of their contents. See A.R. 31-34; 1117-21; 3732-39.

48.     Defendant admits the existence, dates of decision, and dates of mailing of the three cited final decisions of the Secretary, and refers the Court to the certified administrative record for a full and accurate statement of their contents. See A.R. 2-12; 1092-1102; 3703-13. Defendant is without knowledge or information sufficient to form a belief as to the date on which Plaintiffs allege they received the decisions, and hence denies these allegations.

49.     Defendant admits the allegations of paragraph 49.

## VI.  ASSIGNMENT OF ERRORS

50.     Denies.

51.     Denies.

52.     Denies.

53.     Denies.

54.     Denies.

55.     Denies.

56.     Denies.

57.     Denies.

58.     Denies.

59.     Denies.

## VII. RELIEF REQUESTED

The un-numbered portion of the complaint entitled "Relief Requested" contains Plaintiffs' prayer for relief to which no response is required. To the extent a response is deemed necessary, Defendant denies that Plaintiffs are entitled to the relief requested in the Complaint or to any relief whatsoever. In addition, the Secretary specifically denies all allegations in Plaintiffs' Complaint not otherwise answered or qualified herein.

Respectfully submitted,

_____/s/_____
KENNETH L. WAINSTEIN
United States Attorney
D.C. Bar No. 451058

_____/s/_____
PETER S. SMITH
Assistant United States Attorney
D.C. Bar No. 465131
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372/FAX: (202) 514-8780

OF COUNSEL:
   Paula M. Stannard
      Acting General Counsel
   James C. Newman
      Chief Counsel
   Jan M. Lundelius
      Assistant Regional Counsel
   Office of the General Counsel
   Department of Health and Human Services