IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERWINE'S HOME HEALTH CARE, INC., COLORADO HOME CARE, INC., and POTOMAC HOME HEALTH CARE, INC., <br><br>　　　　　Plaintiffs, <br><br>　　v. <br><br>MICHAEL O. LEAVITT, Secretary, Department of Health and Human Services, <br><br>　　　　　Defendant. | Civil Action No. 05-2441 (ESH) <br><br> Judge Ellen Segal Huvelle |

**EXHIBIT A TO PLAINTIFFS'
BRIEF IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

physical therapists.

## V.

### SECRETARY'S INTERPRETATION OF 42 U.S.C. § 1395x(v)(1)(A)

The Secretary next argues that the court should accept § 1403 of the Provider Reimbursement Manual as an interpretation of "reasonable costs," pursuant to his authority under 42 U.S.C. § 1395x(v)(1)(A).

Under 42 U.S.C. § 1395(f)(b)(1), the Secretary can only reimburse providers for "reasonable costs." In 42 U.S.C. § 1395x(v)(1)(A), Congress defined reasonable costs as those "actually incurred," and gave the Secretary authority to promulgate regulations,

> establishing the method or methods to be used, and the items to be included, in determining such costs for various types or classes of institutions, agencies, and services . . . . Such regulations may provide for determination of the costs of services on a per diem, per unit, per capita, or other basis, [and] may provide for the use of charges or percentage of charges where this method reasonably reflects the cost.

It is noteworthy that, while Congress explicitly gave the Secretary authority to regulate reasonable costs under 42 U.S.C. § 1395x(v)(1)(A), the authority was not uncircumscribed. Rather, the Secretary was to promulgate regulations for determining reasonable cost. Pursuant to this authority, the Secretary promulgated general rules for establishing reasonable costs in 42 C.F.R. § 413.30, including a procedure for establishing cost limits.

////

11

regulation and disregard the policy.

## VI.

### CONCLUSION AND ORDER

For all the above reasons I conclude that the Secretary's decision is not in accordance with law, and must be set aside. Accordingly, the defendant's motion for summary judgment is DENIED and plaintiff's motion for summary judgment is GRANTED.

IT IS SO ORDERED.

DATED: November 7, 2001.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

14

AR 109a