IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ERWINE'S HOME HEALTH CARE, INC., COLORADO HOME CARE, INC., and POTOMAC HOME HEALTH CARE, INC., | ) ) ) ) ) |
| Plaintiffs, | ) Civil Action No. 05-2441 (ESH) ) |
| v. | ) Judge Ellen Segal Huvelle ) |
| MICHAEL O. LEAVITT, Secretary, Department of Health and Human Services, | ) ) ) |
| Defendant. | ) ) |

**EXHIBIT B TO PLAINTIFFS'
BRIEF IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**



**U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES**   Office of the General Counsel

Writer's Direct Dial: (312) 886-1703
Fax: (312) 886-1718
e-mail: claire.dechazal@hhs.gov

Office of the Chief Counsel, Region V
233 North Michigan Avenue, Suite 700
Chicago, Illinois 60601-5502

Telephone: (312) 353-1640
Facsimile: (312) 886-1718

February 22, 2006

Joel M. Hamme, Esq.
Powers, Pyles, Sutter & Verville, PC
1875 Eye Street, NW
12th Floor
Washington, D.C. 20006-5409

Re: <u>TIP of Illinois</u>, Case No. 04-4200 JPG

Dear Mr. Hamme:

    Enclosed are duplicate originals of the fully executed Settlement Agreement and Administrative Resolution.

                        Sincerely,

                        Donna Morros Weinstein
                        Chief Counsel, Region V

By                      Claire D. de Chazal
                        Assistant Regional Counsel

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT is made this 16th day of February, 2006, between Plaintiff, Tip of Illinois Health Services Inc., and Defendant Michael O. Leavitt, in his official capacity as Secretary of the United States Department of Health and Human Services (the Secretary).

WHEREAS, Plaintiff participated in the Medicare program under Provider No. 14-7135;

WHEREAS, Plaintiff has brought suit in the District Court for the Southern District of Illinois, Civil Action No. 04-4200-JPG, challenging the Secretary's final decision regarding Plaintiff's claim for additional Medicare reimbursement for physical therapy services in the fiscal years ending on December 31, 1993 and December 31, 1994 (FYEs 1993 and 1994);

WHEREAS, the Secretary denies any liability to Plaintiff based on its allegations in this litigation;

WHEREAS, the parties wish to resolve the disputes which are the subject of this civil action without the expense and drain on resources that may be associated with protracted litigation;

WHEREAS, Plaintiff was overpaid by Medicare in the fiscal years ending December 31, 1994 and December 31, 1995, in the principal amounts of $245,364 and $32,811, respectively, not including interest at the rate of 13.75% and 14.00% for FY1994 and FY1995, respectively, which is due and owing, and Plaintiff has not reimbursed Medicare for those overpayments;

NOW THEREFORE, Plaintiff and the Secretary, intending to be legally bound, hereby enter into the following settlement:

1. The Secretary shall reverse the application of the salary equivalency guidelines for FYE 12/31/93, resulting in an amount due from Medicare to Plaintiff of $139,615, plus interest

1

accrued through August 1, 2005, in the amount of $54,712, a total of $194,327.

2. The Secretary shall reverse the application of the salary equivalency guidelines for FYE 12/31/94, resulting in an amount due from Medicare to Plaintiff of $144,048, plus interest accrued through August 1, 2005, in the amount of $44,565, a total of $188,613. The Secretary shall apply that amount to the outstanding principal amount of the overpayment balance due for FYE 12/31/94 of $245,364, thereby reducing the principal overpayment balance to $56,751, plus interest accrued on the overpayment balance through July 12, 2002, in the amount of $38,366, a total of $95,117. The Secretary shall then apply a payment from reopening Plaintiff's Medicare Cost Report for FYE 12/31/93 in the amount of $87,553, effective as of July 12, 2002, resulting in a revised principal overpayment balance of $7,564. The Secretary shall add interest at the rate of 13.75% from July 12, 2002, through August 1, 2005, in the amount $3,207, resulting in an amount due to Medicare from Plaintiff of $10,771 for FYE 12/31/94.

3. Plaintiff acknowledges that for FYE 12/31/95 it owes Medicare an overpayment in the principal amount of $32,811, plus interest at the rate of 14% through August 1, 2005, which totals $33,686, for a total of $66,497.

4. The Secretary shall reduce the amount due to Plaintiff for FYE 12/31/93, $194,327, by $10,771, the amount due to the Medicare program for FYE 12/31/94, and by $66,497, the amount due to the Medicare program for FYE 12/31/95. As a result of the foregoing adjustments, Medicare will pay to Plaintiff a total of $117,059 for FYEs 12/31/93 and 12/31/94, in full and final satisfaction of all claims asserted in this litigation, including physical therapy adjustments, interest related thereto, and all costs related to this litigation. Payment will be made to the successor provider to Tip of Illinois Health Services, which was the last entity to use Provider No. 14-7135, and such payment will be sent to:

William F. Sherwood, Esq.
Vice President and General Counsel
Southern Illinois Healthcare
University Mall
1239 East Main Street
P. O. Box 3988
Carbondale, Illinois 62902-3988

Payment will be made within 30 days of the full execution of this Settlement Agreement.

5.  The parties agree that the notices of program reimbursement for Plaintiff's cost reporting periods ending on December 31, 1993, and 1994, shall not be reopened and the cost reports for these fiscal years shall not be re-examined with respect to issues involving the method of compensation for physical therapy services. Nevertheless, at any time during which these cost reports are within the reopening limitation provided by Medicare regulations, CMS may reopen these cost reports for any issue other than the physical therapy services issue. Furthermore, notwithstanding this or any other provision of this Settlement Agreement, CMS may reopen Plaintiff's December 31, 1993 and 1994 cost reports for the purpose of complying with any act of Congress requiring CMS to rely on settled cost reports for such year(s) as a basis for adjusting Federal payment rates to providers participating in Medicare; provided, however, CMS will not use any such reopening to seek further payments from the Plaintiff and no payments shall be made to Plaintiff for the reopened year(s).

6.  Based upon this Agreement, Plaintiff hereby releases the Secretary and his agents and employees from all claims for Medicare reimbursement based upon compensation for physical therapy services for FYEs 12/31/93 and 12/31/94.

7.  Within 10 business days of the full execution of this Agreement, the parties shall notify the District Court that they have settled Civil Action No. 04-4200-JPG, pending in the Southern District of Illinois, and request that an order be entered dismissing the action without

3

prejudice, without costs, and with the right to reopen the action if settlement is not consummated within sixty (60) days and further requesting that, if the action is not reopened within sixty (60) days of the order of dismissal, the action be dismissed with prejudice.

8. The parties agree that Plaintiff does not release its claim for attorneys' and other professional fees for its FYE 6/30/96.

9. This is a compromise and settlement of disputed claims and demands and neither this Agreement, nor the resulting credit, shall constitute an admission of liability or fault on the part of the United States of America or any of its agencies – including but not limited to the United States Department of Health and Human Services (HHS) and its component agency, the Centers for Medicare & Medicaid Services (CMS) – its agents, servants, fiscal intermediaries, or employees as to any allegations in the pleadings or otherwise. The Secretary expressly denies any liability in this matter.

10. In entering into this Agreement, Plaintiff represents that it has completely read the terms of this Agreement, and that it fully understands and voluntarily accepts the terms of this Agreement. Plaintiff further represents that it understands the legal and income tax consequences of this Agreement and has had the opportunity to consult with appropriate experts in this regard. The Secretary and his counsel make no representation concerning the tax consequences of payments made under this Agreement.

11. This Agreement does not constitute an admission of fact or law by either party and shall in no way affect any rights, claims, duties, or obligations the parties may have with respect to any other issues not covered by this Agreement.

12. Plaintiff agrees that the dollar amount to be credited under this Agreement is in full compensation for any claim for attorney's fees and costs that were or could have been

4

brought under this action pursuant to the Equal Access to Justice Act or any other relevant statute, except that, as stated in paragraph 8, certain attorney and other professional fees may be claimed by Plaintiff in connection with its terminating cost report for FYE 6/30/96.

13. The parties agree that this document is in settlement solely of Medicare reimbursement issues administered by the Centers for Medicare & Medicaid Services, and that it shall in no way affect any right, claims, duties, or obligations the parties may have with respect to any other issues not covered by this Agreement, including any actions to be taken in the future by either the Secretary's Office of the Inspector General or the United States Department of Justice.

14. This Agreement may be executed in counterparts, with a separate signature page for each party. All such counterparts and signature pages together shall be deemed to be one document.

Tip of Illinois Health Services, Inc.

By: _____

Printed Name: JOEL M. HAMME

Title: PROVIDER ATTORNEY

Date: 01/24/06

The Centers for Medicare & Medicaid Services

By: _____
Timothy Hill, Director
Office of Financial Management

Date: 2/06/06

5