IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERWINE'S HOME HEALTH CARE, INC., COLORADO HOME CARE, INC., and POTOMAC HOME HEALTH CARE, INC., <br><br>Plaintiffs, <br><br>v. <br><br>MICHAEL O. LEAVITT, Secretary, Department of Health and Human Services, <br><br>Defendant. | Civil Action No. 05-2441 (ESH) <br><br>Judge Ellen Segal Huvelle |

**EXHIBIT C TO PLAINTIFFS'
BRIEF IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERKS VISITING NURSE ASSOCIATION,  :  <br>  :  <br> Plaintiff,  :  <br>  :  <br> v.  :  <br>  :  <br> MICHAEL O. LEAVITT,  :  <br> Secretary, United States Department  :  <br> of Health and Human Services,  :  <br>  :  <br> Defendant.  :  | CIVIL ACTION No. 04-CV-5567 |

## STIPULATION OF SETTLEMENT AND DISMISSAL

THIS STIPULATION OF SETTLEMENT AND DISMISSAL is made this 19th day of October 2005, between Plaintiff, Berks Visiting Nurse Association (Plaintiff), and Defendant Michael O. Leavitt, in his official capacity as Secretary of the United States Department of Health and Human Services (the Secretary).

WHEREAS, Plaintiff has brought suit in the District Court for the Eastern District of Pennsylvania, Civil Action No. 04-CV-5567, challenging the Secretary's final decision regarding Plaintiff's claim for additional Medicare reimbursement for physical therapy services in the fiscal years ending on December 31, 1995 and December 31, 1996 (FYEs 1995 and 1996); and

WHEREAS, the Secretary denies any liability to Plaintiff based on its allegations in this litigation; and

WHEREAS, the parties wish to resolve the disputes which are the subject of this civil action without the expense and drain on resources that may be associated with protracted

SL1 578929v1/002070.00017

litigation;

NOW THEREFORE, Plaintiff and the Secretary, intending to be legally bound, hereby enter into the following Stipulation of Settlement and Dismissal (Stipulation).

1. The Secretary shall pay to Plaintiff the sum of $430,000 (the "payment") in full and final satisfaction of all claims asserted in this litigation, including physical therapy adjustments, interest related thereto, attorney fees, and all costs related to this litigation. The parties agree that for the purpose of making the aforementioned payment, no notice of program reimbursement for Plaintiff's cost reporting periods ending on December 31, 1995 and December 31, 1996 shall be reopened and the cost reports for these fiscal years shall not be re-examined with respect to issues involving the method of compensation for physical therapy services. Nevertheless, at any time during which these cost reports are within the reopening limitation provided by Medicare regulations, CMS *may* reopen these cost reports for any issue other than the physical therapy services issue. Furthermore, notwithstanding this or any other provision of this Settlement Agreement, CMS may reopen Plaintiff's December 31, 1995 and December 31, 1996 cost reports for the purpose of complying with any act of Congress requiring CMS to rely on settled cost reports for such year(s) as a basis for adjusting Federal payment rates to providers participating in Medicare; provided, however, CMS will not use any such reopening to seek further payments from the Plaintiff and no payments shall be made to Plaintiff for the reopened year(s).

2. Upon issuance of the check or electronic funds transfer, Plaintiff hereby releases the Secretary and his agents and employees from all claims for Medicare reimbursement based upon compensation for physical therapy services for FYEs 1995 and 1996.

3. The Secretary shall make the payment by check or by electronics funds transfer

SL1 578929v1/002070.00017

within sixty (60) days after the receipt by the undersigned counsel of the fully executed copy of the settlement agreement in pdf format.

4. This is a compromise and settlement of disputed claims and demands and neither this Stipulation of Settlement and Dismissal (Stipulation), nor the resulting payment, shall constitute an admission of liability or fault on the part of the United States of America or any of its agencies -- including but not limited to the United States Department of Health and Human Services (HHS) and its component agency, the Centers for Medicare & Medicaid Services (CMS)–its agents, servants, fiscal intermediaries, or employees as to any allegations in the pleadings or otherwise. The Secretary expressly denies any liability in this matter.

5. In entering into this Stipulation, Plaintiff represents that it has completely read the terms of this Stipulation, and that it fully understands and voluntarily accepts the terms of this Stipulation. Plaintiff further represents that it understands the legal and income tax consequences of this Stipulation and has had the opportunity to consult with appropriate experts in this regard. The Secretary and his counsel make no representation concerning the tax consequences of payments made under this Stipulation.

6. This Stipulation does not constitute an admission of fact or law by either party and shall in no way affect any rights, claims, duties, or obligations the parties may have with respect to any other issues not covered by this Stipulation.

7. Plaintiff agrees that the dollar amount to be paid under this Stipulation is in full compensation for any claim for attorney's fees and costs that were or could have been brought under this action pursuant to the Equal Access to Justice Act or any other relevant statute.

8. The parties agree that this document is in settlement solely of Medicare

SL1 578929v1/002070.00017

reimbursement issues administered by the Centers for Medicare & Medicaid Services, and that it shall in no way affect any right, claims, duties, or obligations the parties may have with respect to any other issues not covered by this stipulation, including any actions to be taken in the future by either the Secretary's Office of the Inspector General or the United States Department of Justice.

9. This Stipulation may be executed in counterparts, with a separate signature page for each party. All such counterparts and signature pages together shall be deemed to be one document.

Executed this _____19th_____ day of October, 2005

HONORABLE PATRICK. L. MEEHAN
United States Attorney
Eastern District of Pennsylvania

_____
VIRGINIA A. GIBSON, CIVIL CHIEF
Assistant United States Attorney
Eastern District of Pennsylvania

_____
NURIYE C. UYGUR
Assistant United States Attorney
615 Chestnut Street, Suite 1250
Philadelphia, Pennsylvania 19106

Counsel for the
Secretary of Health and Human Services

SL1 578929v1/002070.00017

Executed this \_\_\_\_16th\_\_\_\_ day of October, 2005

_____
LUCILLE D. GOUGH
President & Chief Executive Officer
Berks Visiting Nurse Association

_____
E. THOMAS HENEFER
STEVENS & LEE
111 North Sixth Street
P.O. Box 679
Reading, Pennsylvania 19603
(610) 478-2000

Counsel for Plaintiff

SL1 578929v1/002070.00017