IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERWINE'S HOME HEALTH CARE, INC., COLORADO HOME CARE, INC., and POTOMAC HOME HEALTH CARE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL O. LEAVITT, Secretary, Department of Health and Human Services, <br><br> Defendant. | Civil Action No. 05-2441 (ESH) <br><br> Judge Ellen Segal Huvelle |

**EXHIBIT E TO PLAINTIFFS'
BRIEF IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT**

# PROVIDER REIMBURSEMENT REVIEW BOARD DECISION
ON THE RECORD
2006-D33

**PROVIDER –**
Visiting Nurse Association of Washington, D.C.

Provider No.: 09-7000

**vs.**

**INTERMEDIARY –**
BlueCross BlueShield Association/ Cahaba Government Benefit Administrators

**DATE OF HEARING -**
March 14, 2006

Cost Reporting Periods Ended -
June 30, 1996; June 30, 1997 and June 30, 1998

**CASE NOs.:** 00-2873; 00-2874; and 01-1931

## INDEX

|  | Page No |
|---|---|
| Issue | 2 |
| Medicare Statutory and Regulatory Background | 2 |
| Statement of the Case and Procedural History | 3 |
| Parties' Contentions | 3 |
| Findings of Fact, Conclusions of Law and Discussion | 4 |
| Decision and Order | 5 |

Page 2                                                                  CNs: 00-2873, 00-2874 and 01-1931

ISSUE:

Whether the Intermediary's adjustment applying Medicare's Physical Therapy Compensation Guidelines to the Provider's employee physical therapists was proper.

MEDICARE STATUTORY AND REGULATORY BACKGROUND:

This is a dispute over the proper amount of Medicare reimbursement due a health care provider.

The Medicare program provides health insurance to the aged and disabled. 42 U.S.C. §§1395-1395cc. The Centers for Medicare & Medicaid Services (CMS), formerly the Health Care Financing Administration (HCFA), is the operating component of the Department of Health and Human Services (DHHS) charged with the program's administration. CMS' payment and audit functions under the Medicare program are contracted out to insurance companies known as fiscal intermediaries. Fiscal intermediaries determine payment amounts due providers under Medicare law and interpretative guidelines published by CMS. See, 42 U.S.C. §1395h, 42 C.F.R. §§413.20(b) and 413.24(b).

At the close of its fiscal year, a provider must submit a cost report to the fiscal intermediary showing the costs it incurred during the fiscal year and the portion of those costs to be allocated to Medicare. 42 C.F.R. §413.20. The fiscal intermediary reviews the cost report, determines the total amount of Medicare reimbursement due the provider, and issues the provider a Notice of Program Reimbursement (NPR). 42 C.F.R §405.1803. A provider dissatisfied with the intermediary's final determination of total reimbursement may file an appeal with the Provider Reimbursement Review Board (Board) within 180 days of the NPR. 42 U.S.C. §1395oo(a); 42 C.F.R. §405.1835.

Medicare reimbursement has been governed by section 42 U.S.C §1395x(v)(1)(A) of the Social Security Act (Act). In part, the statute provides that the reasonable cost of any service shall be the actual cost incurred excluding any part of such costs found to be unnecessary in the efficient delivery of needed health services. The statute also authorizes the Secretary of DHHS to establish cost limits. Essentially, the limits recognize reasonable costs based upon estimates of costs found to be necessary in the efficient delivery of covered items and services.

With respect to therapy costs, 42 U.S.C §1395x(v)(5)(A) states:

> [w]here physical therapy services, occupational therapy services, speech therapy services, or other therapy services or services of other health-related personnel (other than physicians) are furnished <u>under an arrangement</u> with a provider of services or other organization. . . the amount included in any payment to such provider or other organization under this subchapter as the reasonable cost of such services (as furnished under such arrangements) shall not exceed an amount equal to the salary

Page 3                                                                 CNs: 00-2873, 00-2874 and 01-1931

> which would reasonably have been paid for such services . . . to the person performing them if they had been performed in an employment relationship with such provider or other organization (rather than under such arrangement) plus the cost of such other expenses . . . incurred by such person, as the Secretary may in regulations determine to be appropriate. (Emphasis added.)

The implementing regulation at 42 C.F.R. §413.106 states in relevant part:

> *Principle.* The reasonable cost of the services of physical, occupational, speech, and other therapists, and services of other health specialists (other than physicians), furnished under arrangements (as defined in section 1861(w) of the Act) with a provider of services, a clinic, a rehabilitation agency or a public health agency, may not exceed an amount equivalent to the prevailing salary and additional costs that would reasonably have been incurred by the provider or other organization had such services been performed by such person in an employment relationship, plus the cost of other reasonable expenses incurred by such person in furnishing services under such arrangement. . . .

## STATEMENT OF THE CASE AND PROCEDURAL HISTORY:

Visiting Nurse Association of Washington, D.C. (Provider) is a Medicare certified home health agency (HHA) located in Washington, D.C. The Provider is part of a holding company, VNA, Inc., that also includes Home Caring Services, a.k.a. VNA HealthCare. VNA, Inc. is part of Medlantic Healthcare Group that includes: Washington Hospital Center; National Rehabilitation Hospital; Medlantic Research Institute; Medlantic Enterprise, Inc.; Home Infusion Specialist; VNA Inc.; and Nascott (i.e. DME Company). The Provider receives cost allocations from Medlantic Healthcare Group.

The Provider furnished physical therapy services to patients using employee physical therapists and contracted physical therapists, all of whom were compensated on a fee-for-service basis. Cahaba Government Benefit Administrators (Intermediary) reviewed the Provider's compensation of the employee physical therapists and concluded that the compensation of all physical therapists paid on a per-visit basis is subject to the physical therapy guidelines. The Intermediary adjusted the Provider's cost reports to apply the physical therapy guidelines to the Provider's employee physical therapists as they were paid on a per-visit basis. The Provider questioned the application of the guidelines to salaried employees and appealed the adjustments.

## PARTIES' CONTENTIONS:

The Provider contends that the pertinent statute and regulation establish guidelines applicable to therapy services furnished under arrangements, i.e., services performed by outside contractors, not employees. The Provider cites Medicare's Provider Reimbursement Manual, Part I (HCFA

Page 4                                                                 CNs: 00-2873, 00-2874 and 01-1931

Pub. 15-1) §1403, which states that the guidelines are to be applied to employees paid on a fee-for-service basis. However, the Provider argues that the first line of the section specifically limits its application to services furnished by outside suppliers. The Provider further cites In Home Health, Inc. v. Shalala,[1] where the Board found no authoritative basis for applying the guidelines to employees. In addition, the Provider contends that CMS' salary equivalents have not been revised in 14 years and are not reflective of current HHA data.

The Intermediary contends that the therapy guidelines apply to the Provider's therapists who where paid on a per-visit basis according to HCFA Pub. 15-1 §1403, which states in part:

> [i]n situations where compensation, at least in part, is based on a fee-for-service or a percentage of income (or commission), these arrangements will be considered nonsalary arrangements, and the entire compensation will be subject to the guidelines in this chapter.

The Intermediary also contends that the fact that the Provider's physical therapy costs exceeded the physical therapy guidelines proves that the costs are out of line with the costs of other providers; therefore, these costs are not reasonable pursuant to Medicare's prudent buyer principles. 42 C.F.R. §413.106(c)(5), HCFA Pub. 15-1§1403, 42 C.F.R. §413.9(c)(2).

FINDINGS OF FACT, CONCLUSIONS OF LAW AND DISCUSSION:

After consideration of the Medicare law and guidelines, parties' contentions, and evidence presented, the Board finds and concludes that the Intermediary's application of the guidelines to the Provider's physical therapy costs was improper. 42 U.S.C. §1395x(v)(5)(A), the controlling statute, distinguishes services performed by employee therapists from services performed by outside contractors "under an arrangement" with a provider. Both the legislative history and regulatory history of the guidelines indicate that they were created to prevent perceived abuse in the practices of outside physical therapy contractors as opposed to provider employees. Moreover, the Board notes that the term "under an arrangement" is commonly referred to and used interchangeably with the term "outside contractor." Accordingly, the Board finds the guidelines do not apply to employee physical therapists even though they are paid on a per-visit basis.

Decisions in two federal Courts support the Board conclusion. In In Home Health, Inc. v. Shalala,[2] the Eighth Circuit Court stated:

> . . . 42 U.S.C. §1395x(v)(5)(A) does not provide a basis for the application of the Guidelines to In Home's employee physical therapists. The first part of the sentence in 42 U.S.C. §1395x(v)(5)(A) explains that the subsection applies to persons providing physical

---

[1] 188 F.3d 1043 (8th Cir. 1999) aff'ing., In Home Health v. Blue Cross Blue Shield Association et. al. PRRB Dec. No. 96-D16, February 27, 1996, Medicare & Medicaid Guide (CCH) ¶ 44,065.
[2] 188 F.3d 1043 (8th Cir. 1999). Medicare and Medicaid Guide (CCH) ¶300,326.

>therapy services . . . furnished "under an arrangement" with a provider. The second part of the sentence explains that the reasonable cost of compensation for the persons "under an arrangement" is calculated by reference to the salary which would have reasonably been paid to the person if that person had been in an "employment relationship" with the provider. The plain meaning of 42 U.S.C. §1395x(v)(5)(A) and 42 C.F.R. §413.106, which uses similar language, distinguishes between services provided "under an arrangement" and those provided by a person in an "employment relationship." It is clear from the language that a physical therapist who is "under an arrangement" is different from a person in an "employment relationship" with the provider. The Guidelines apply to a person "under an arrangement." The final notice in the Federal Register indicates that a person "under an arrangement" is an outside contractor. The Secretary's attempt to now further limit the term "employment relationship" to mean only salaried employees is not supported by the statute or the Secretary's contemporaneous interpretation as reflected in the 1992 regulation.
>
>\* \* \* \* \*
>
>Thus, the statute requires nothing more than that a provider should be reimbursed for the services performed by a nonemployee, i.e., an outside contractor working under an arrangement with the provider, similarly to what an employer reasonably would pay its employee for such services. Services provided by a provider's employee are themselves subject to a reasonableness requirement. See 42 U.S.C. §1395x(v)(1).
>
>\* \* \* \* \*
>
>We affirm the district court's reversal of the Secretary's decision and hold that the Secretary may not apply the Guidelines to In Home's employee physical therapists.

See also <u>High Country Home Health, Inc. v.</u> Shalala 84 F. supp. 2d 1241 (D. Wy. 1999).

The Board also finds that the guidelines alone can not be used to adjust a provider's costs in accordance with Medicare's prudent buyer principle. Rather, 42 C.F.R. §413.9 indicates that intermediaries must determine whether or not a provider's costs are "substantially out of line" or are unreasonable based upon a comparison of those costs to those incurred by other similarly situated providers.

Page 6                                                                            CNs: 00-2873, 00-2874 and 01-1931

DECISION AND ORDER:

The Intermediary's application of Medicare's salary equivalency guidelines to the compensation of physical therapists employed by the Provider but paid on a per-visit basis was improper. The Intermediary's adjustments are reversed.

Board Members Participating:

Suzanne Cochran, Esq.
Dr. Gary B. Blodgett
Elaine Crews Powell, C.P.A
Anjali Mulchandani-West
Yvette C. Hayes

FOR THE BOARD:

JUL 1 9 2006

Suzanne Cochran, Esquire
Chairperson